IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS R. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-220-JHP |
| | ) |
| CHARLES PEARSON, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter comes on for consideration of Defendant's Motion to Dismiss for Lack of Prosecution [Docket # 39] filed on November 3, 2010. Plaintiff filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, on June 4, 2009 [Docket # 1]. Plaintiff's Complaint alleges he was subjected to "cruel and unusual punishment" while incarcerated in the Muskogee County Jail, in Muskogee, Oklahoma and that he was subjected to deliberate indifference, denial of medical care and that the defendants failed to provide him with emergency medical care. Additionally, Plaintiff alleges the defendants failed to protect him, subjected him to racial discrimination and unconstitutional jail conditions and that he was subjected to "deliberate endangerment by deputies." Finally, Plaintiff states that he was injured as a result of policy and/or customs of the defendants. The Plaintiff has named as defendants "Muskogee County Oklahoma, RE"; Charles Pearson, Sheriff of Muskogee County; Deputy Michael Gray; Deputy James Girty; and Raymond Barnes, Administrator Muskogee County Jail.

At the time of filing of this action, Plaintiff was incarcerated in the Muskogee County Jail. On June 12, 2009, a minute order was sent to Plaintiff but was returned as Plaintiff was no longer incarcerated in the Muskogee County Jail. Thereafter, on June 16, 2009, in addition to mailing a copy of a court ruling to the Muskogee County Jail, a copy was also mailed to the Lexington Assessment Center. On October 26, 2009, the Court sent summons forms to Plaintiff and he was

instructed to complete them for each of the named defendants and to return them to the Court by November 6, 2009 [Docket # 8)]. Thereafter, on December 7, 2009, the Court Clerk issued the summons.

On January 14, 2010, Answers were filed by Defendant Barnes, Girty, Gray, and Pearson [Docket #s 27, 28, 29 and 30]. Thereafter, on August 20, 2010, the Defendants filed a motion to depose the Plaintiff [Docket # 36], which was granted by minute order on August 23, 2010. On November 3, 2010, the Defendants filed a Motion to Dismiss for Failure to Prosecute [Docket # 39]. The Defendant's Motion indicates that Plaintiff has not responded to Defendant Pearson's Requests for Production which were submitted to him on or about February 22, 2010. On April 21, 2010, Plaintiff responded to Defendant Pearson's Interrogatories but he submitted an improperly filled-out medical authorization. Thereafter, on August 23, 2010, counsel for Defendant sent a letter to Plaintiff detailing the deficiencies in Plaintiff's discovery responses and requesting Plaintiff respond within fifteen days. Said letter was, however, returned to counsel because Plaintiff had been released from Joseph Harp Correctional Center on July 22, 2010. The Plaintiff did not, however, ever notify the Defendant or this Court of a change of address. As a result, on or about September 1, 2010, the deficiency letter was returned to defense counsel with a notation of Plaintiff's new address, to-wit: "c/o Western inn, 410 N. 32nd St., Muskogee, OK 74401." Defense counsel resent the letter on September 7, 2010 to the new address. That mailing was, however, also returned to defense counsel on October 4, 2010 with the notation "Attempted - Not known."

On April 22, 2011, the Court directed plaintiff to show cause in writing within fourteen (14) days why the defendants motion to dismiss should not be granted [Docket # 40]. Plaintiff was further advised that his failure to show cause as directed would result in dismissal of this case.

A district court may dismiss an action under Rule 41(b) only after considering whether certain factors support a dismissal. These factors, set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916,

2

921 (10th Cir. 1992), include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)(quotation and alteration omitted) (applying *Ehrenhaus* factors to dismissal under Rule 41(b)).

Here, the Court finds Plaintiff has ceased to prosecute his case. Plaintiff failed to respond to Defendant Pearson's Requests for Production of Documents. Further, Plaintiff did not completely respond to Defendant Pearson's Interrogatories. Thus, the defendants have been prejudiced by their inability to complete discovery and prepare for trial.

The Court notified Plaintiff that his failure to respond to the Defendant's Motion to Dismiss[1] and, as previously indicated, advised Plaintiff that his failure to show cause in writing why the motion should not be granted would result in the dismissal of this action. Plaintiff's failure to participate in the discovery process and to prosecute this action has prejudiced the judicial system by the lack of any meaningful advancement in the case and by the time the court has spent attempting to compel discovery responses from him. Finally, this Court finds that sanctions less than dismissal would be ineffective because plaintiff has not complied with this Court's prior orders.

**ACCORDINGLY**, this action is, in all respects, DISMISSED for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED** this 13th day of June 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] Despite the return of Plaintiff's mailings, it appears Plaintiff received the Court's notice since it has not been returned to the clerk..

3